█ In the Matter of the Claim of ETHEL BOSTED, Respondent, v. LARSEN BAKING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Noting that there was medical evidence "indicating the work activities * * * contributed to the death", the board found that such activities, "superimposed upon a pre-existing arteriosclerosis condition, resulted in the fatal coronary attack". The physician who gave the only evidence of causal relation characterized decedent's work described in the hypothetical question as "rather heavy" and as excessive for "his" cardiovascular system; and, asked on cross-examination whether he had "concluded that it was heavy, laborious work", the doctor said, "For him, yes, it was too much for him." The witness answered affirmatively, although with some minor qualification, the question whether decedent "had the type of pathology that can result in sudden exitus * * * whether or not he was engaged in any * * * particular activity at the

time". (Cf. *Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326.) It is possible, perhaps, that the work required overhead exertion and pressure with upstretched arms such as we have in some cases found excessive (see *Matter of Jessup* v. *Jessup & Stevens Garage*, 12 A D 2d 699, affd. 10 N Y 2d 854, and cases cited at p. 700; *Matter of Cronberg* v. *Lenmar Holding Corp.*, 17 A D 2d 885); but the board's decision does not squarely meet or resolve the legal questions respecting the causative effort which are implicit in the testimony of claimant's medical expert. This is not one of the cases in which the issues are "so limited and so clearly defined as to permit of no doubt as to the basis of the board's determination" (*Matter of Cliff* v. *Dover Motors*, 11 A D 883, affd. 9 N Y 2d 891); as here the decision is not sufficiently definite to exclude the possibility that the board considered that the work was excessive only in the light of decedent's diseased condition, i.e., "for him", with the result that in such case the award would be predicated upon the same erroneous basis that compelled remittal in *Matter of Traversone* v. *Lee Bros. Stor.* (17 A D 2d 175) and *Matter of Bloom* v. *Cohen & Son* (16 A D 2d 841). Decision reversed and case remitted, with costs to appellants against the Workmen's Compensation Board. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.